Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Veronica McKnight, Esq. (SBN: 306562)
bonnie@westcoastlitigation.com
**HYDE & SWIGART**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Additional Attorneys for Plaintiff on Signature Page

*Attorneys for Plaintiff,*
Dawn Mighaccio

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dawn Mighaccio, an individual, on behalf of herself,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>Hatfield Portfolio Group, LLC; Accelerated Servicing Group, LLC; and Bluestem Brands, Inc. d/b/a Fingerhut<br><br>　　　　　　　　Defendants. | Case No: _____<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>1. **NEGLIGENT VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (TCPA), 47 U.S.C. § 227 ET SEQ.**<br>2. **KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA), 47 U.S.C. § 227**<br>3. **FAIR DEBT COLLECTION PRACTICES ACT, U.S.C. § 1692 ET SEQ.**<br>4. **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL CIV. CODE §§ 1788-1788.32**<br>5. **NEGLIGENCE**<br><br>**JURY TRIAL DEMANDED** |

## Introduction

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deception collection practices undermine the public confidence that is essential to the continued function of the banking and credit system and sound extension of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Dawn Mighaccio, ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of Hatfield Portfolio Group, LLC ("Hatfield"), Accelerated Servicing Group, LLC ("ASG") and Bluestem Brands d/b/a Fingerhut ("Fingerhut"), (collectively "Defendants"), with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff also brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions

of Defendants, in negligently or intentionally contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

5. The TCPA was designed to prevent calls and messages like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

6. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

7. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion

of privacy, regardless of the type of call….." *Id*. at §§ 12-13. *See also*, *Mims*, 132 S. Ct. at 744.

8. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

### Jurisdiction and Venue

9. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

10. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. §1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

11. This action arises out of Defendants' violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

12. Plaintiff is a natural person who resides in the City of Taft, County of Kern, State of California.

13. Plaintiff resides in Kern County, as defined by 28 U.S.C. § 1391c(1), the judicial district in which this lawsuit is brought.

14. Defendant Hatfield regularly attempts to collect alleged debts against consumers in Kern County on behalf of various companies, including but not

limited to Defendant Fingerhut, by sending letters and making phone calls to consumers, as Defendant did to Plaintiff as well.

15. Defendant Accelerated Servicing Group (hereinafter "Accelerating Servicing Group or "ASG") regularly attempts to collect alleged debts against consumers in Kern County on behalf of various companies, including but not limited to Defendant Fingerhut, by sending letters and making phone calls to consumers, as Defendant ASG did to Plaintiff as well.

16. Defendants made unconsented and unwelcomed calls to Plaintiff in an attempt to collect on an alleged debt not owed by Plaintiff, and therefore failed to comply with federal and state laws.

17. This collection effort towards Plaintiff by Defendants in the County of Kern is the action that gave rise to the claim alleged and therefore venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391(b)(2).

18. Because a substantial part of the events or omissions giving rise to the claim occurred in Kern County, venue is proper pursuant to 28 U.S.C. § 1391b(2).

19. At all times relevant, Defendants conducted business within the State of California.

**Parties**

20. Plaintiff is a resident in the City of Taft, State of California.

21. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

22. Plaintiff is a natural person allegedly obligated to pay a debt, and is a consumer as that term is defined by 15 U.S.C. §1692a(3).

23. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a debtor as that term is defined by California Civil Code § 1788.2(h).

24. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a limited liability company located in New York.

25. Defendant, Fingerhut is an online retailer and national catalog business. Fingerhut is a Delaware corporation with a registered address of 1209 Orange Street, Wilmington, Delaware 19801. Fingerhut regularly does business in California.

26. Defendant Hatfield Portfolio Group, LLC (hereinafter "Haftield") is a limited liability company who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6). Specifically here, Hatfield made unwanted, abusive, and harassing calls in attempt to collect a debt on behalf of Fingerhut.

27. Defendant, ASG is a limited liability company who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6). Specifically here, ASG made unwanted, abusive, and harassing calls in attempt to collect a debt on behalf of Fingerhut.

28. Defendants, each of them, in the ordinary course of business, regularly, on behalf of themselves or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), and are therefore debt collectors as defined in California Civil Code § 1788.2(c).

29. Defendant Fingerhut is and at all times mentioned herein was a corporation, and thus, a "person," as defined by 47 U.S.C. § 153 (39).

30. Defendants ASG and Hatfield are, and at all times mentioned herein, were limited liability companies, and are "person(s)," as defined by 47 U.S.C. § 153 (39). Defendants collect on alleged defaulted debts. This case involves money, property, or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

31. Plaintiff alleges that at all times relevant herein Defendants conducted business in the State of California and in the County of Kern, within this judicial district.

## Factual Allegations

32. Sometime prior to January 2016, Plaintiff allegedly incurred debt to Fingerhut.

33. Sometime on or before January 2016, Fingerhut's representative, agent, and/or employee hired ASG and Hatfield, on behalf of Fingerhut, and began its efforts to collect on the alleged debt owed by Plaintiff.

34. Because Defendant Fingerhut directed Defendant Hatfield and Defendant ASG to call Plaintiff, without Plaintiff's express consent, Defendant Fingerhut is vicariously liable for Defendant Hatfield's and Defendant ASG's acts, i.e the abusive, unconsented, and unlawful debt collection calls.

35. Sometime on or about March 2016, Defendant Hatfield began calling Plaintiff on behalf of Defendant Fingerhut to collect an alleged debt from Plaintiff.

36. On or before March 2016, Plaintiff began receiving telephone calls from Defendant Hatfield and Defendant ASG on her cellular telephone ending in 9872 via an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1), using "an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

37. Defendant Hatfield's and Defendant ASG's ATDS systems have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

38. Plaintiff received calls since March 2016 or earlier from Defendants regarding allegedly owed obligations.

39. On July 14, 2016 at 3:25 pm, July 19, 2016 at 12:31 pm, July 22, 2016 at 10:27 am, August 1, 2016 at 12:16 pm, August 3, 2016 at 12:47 pm, August 5, 2016 at 11:00 am, August 9, 2016 at 11:16 am, August 11, 2016 at 12:10 pm, August 15, 2016 at 11:04 am, August 18, 2016 at 11:24 am, August 19, 2016 at 9:43 am, August 23, 2016, at 9:27 am, August 25, 2016 at 11:03 am, August 29, 2016 at 10:27 am, August 30, 2016 at 12:45 am, and December 30, 2016, at 3:05 pm, Defendants ASG and Hatfield, on behalf of Fingerhut, called from two different numbers 716-382-7422 and 866-831-8195 and left the following pre-recorded voicemails to Plaintiff's cellular phone:

> My name is Susan Hayward from Hatfield Portfolio Group. Please return the call at 855-373-1875 and refer to file number 604327. For immediate assistance please dial zero and you'll be transferred to the next available representative. Thank you.

40. On August 29, 2016, at 8:42 pm, Defendant Accelerated Servicing Group, calling from the same phone number 855-373-1875, left the following voicemail to Plaintiff's cellular phone number:

> Hello Dawn, this is Mr. Webster with the Accelerated Servicing Group. Dawn, we are waiting for about 6 months to hear back from either yourself or your lawyer regarding Fingerhut. Claim number is 604327. The phone number I can be reached at is 716-382-7422. Thank you and have a great day.

41. Plaintiff did not provide prior express consent to Defendants to receive calls on Plaintiff's cellular telephone, pursuant to 47 U.S.C. § 227 (b)(1)(A).

42. Further, sometime in March 2016, Plaintiff specifically revoked any consent which may have been mistakenly believed, when she orally requested Defendants to stop calling.

43. Through this action, Plaintiff suffered an invasion of her legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

44. Plaintiff was personally affected because she was frustrated and distressed that despite her telling Defendants to stop calling her on her cell phone, Defendants continued to harass Plaintiff with calls using an ATDS.

45. Defendants' calls forced Plaintiff to live without the utility of Plaintiff's cell phone by forcing her to silence her cell phone and/or block incoming numbers.

46. Plaintiff is informed and believes and here upon alleges, that these calls were made by Defendants or Defendant's agent, with Defendants' permission, knowledge, control and for Defendant' collective benefit.

47. The telephone number Defendants called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

48. These telephone calls constitute calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

49. Plaintiff did not provide "prior express consent" to Defendants to place telephone calls to Plaintiff's cellular telephone with an artificial or prerecorded voice utilizing an ATDS as proscribed under 47 U.S.C. § 227(b)(1)(A).

50. These telephone calls by Defendants or its agents violated 47 U.S.C. § 227(b)(1).

51. By continuing to contact Plaintiff regarding this alleged debt, Defendants engaged in conduct Defendants engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendants violated 15 U.S.C. § 1692d and Cal. Civ. Code 1788.17 through incorporation.

52. Through this conduct, Defendants caused a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number. Consequently, Defendants violated 15 U.S.C. § 1692d(5) and Cal. Civ. Code § 1788.17 through incorporation.

53. Through this conduct, Defendants caused a telephone to ring repeatedly or continuously to annoy the person called. Consequently, Defendants violated Cal. Civ. Code § 1788.11(d).

54. Additionally, Defendants communicated, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute harassment to Plaintiff under the circumstances. Consequently, Defendants violated Cal. Civ. Code § 1788.11(e).

55. During one of the phone calls on or about June 5, 2016, Defendant Hatfield's representative, in order to frighten, coerce, and abuse Plaintiff, threatened Plaintiff with a false criminal accusations, specifically to put Plaintiff in jail if she did not pay $100 per month on the debt.

56. Through this conduct, Defendant Hatfield used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendant Hatfield violated 15 U.S.C. §§ 1692d, 1692d(1), 1692e and 15 U.S.C. § 1692e(10), Cal. Civ. Code §§ 1788.10(a), 1788.10(b), 1788.10(f), 1788.16, and Cal. Civ. Code 1788.17 through incorporation.

57. Through this conduct, Defendant Hatfield used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f, 1692f(3) and Cal. Civ. Code 1788.17 through incorporation.

58. While feeling terrified, Plaintiff could not pay as demanded, yet, Plaintiff was not arrested nor was she put in jail.

59. Through this conduct, Defendant Hatfield threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendant Hatfield violated 15 U.S.C. § 1692e(5) and Cal. Civ. Code 1788.17 through incorporation.

60. In each and every one of Defendants' voicemails, Defendants failed to disclose that the communication was from a debt collector or in attempt to collect a debt. Thus, Defendants Hatfield and ASG also violated 15 U.S.C. § 1692e(11).

**First Cause of Action**

**Negligent Violations Of The**

**Telephone Consumer Protection Act (TCPA)**

**47 U.S.C. § 227**

**Against All Defendants**

61. Plaintiff repeats, re-alleges, and incorporates by reference, all of the above paragraphs of this Complaint as though fully stated herein.

62. The foregoing acts and omissions constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of the TCPA, 47 U.S.C. 227 et. seq.

63. As a result of Defendants' negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

64. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## Second Cause of Action

## Knowing and/or Willful Violations Of The

## Telephone Consumer Protection Act (TCPA)

## 47 U.S.C. § 227

## Against All Defendants

65. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs of this Complaint as though fully stated herein.

66. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

67. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## Third Cause of Action

## Fair Debt Collection Practices Act (FDCPA)

## 15 U.S.C. § 1692 Et. Seq.

## Against Hatfield and ASG

68. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs of this Complaint as though fully stated herein.

69. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §1692 et seq.

70. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in

the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## Fourth Cause of Action

**Rosenthal Fair Debt Collection Practices Act (Rosenthal Act) Cal. Civ. Code §§ 1788-1788.32**

### Against All Defendants

71. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

72. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

73. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each and every defendant, jointly and severally.

## Five Cause of Action

### Negligence

### Against All Defendants

74. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

75. Defendants owed a duty of care to Plaintiff pursuant to the FDCPA and Rosenthal Act, to provide meaningful disclosure of Defendants' identities and reasons for their calls, to reasonably protect Plaintiff's privacy rights, avoid placing repeated unwanted calls to Plaintiff, and avoid harassing, abusing, and falsely threatening Plaintiff with jail time.

76. Instead, Defendants failed to provide meaningful disclosure of their identities and the reason for their calls and to avoid placing repeated calls to Plaintiff.

77. Additionally, Defendant Hatfield threatened Plaintiff with false criminal prosecution and promised to put Plaintiff in jail if she did not pay on the alleged debt.

78. Each of Defendants' conduct both actually and proximately caused injuries to Plaintiff.

79. Due to each Defendant's conduct as set forth herein, Plaintiff is entitled to actual damages in an amount to be established at trial.

80. Plaintiff believes and alleges that Defendants' conduct of making repeated unwanted and unauthorized telephone calls to Plaintiff, their meritless and false threats of criminal prosecution, and failure to provide meaningful disclosure constituted oppressive, malicious, despicable, gross and wantonly negligent behavior, which demonstrates Defendants conscious disregard for the rights of Plaintiff. As such, Plaintiff is entitled to recover punitive damages from Defendants in an amount according to proof at trial.

**Prayer For Relief**

WHEREFORE, Plaintiff prays that judgment be entered against Defendants, and Plaintiff be awarded damages from Defendants, as follows:

**First Cause of Action for Negligent Violations of the TCPA, 47 U.S.C. § 227 Et. Seq.**

- Statutory damages of $500.00 for each negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);
- Pursuant to 47 U.S.C § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- any other relief the Court may deem just and proper.

### Second Cause of Action For Knowing and/or Willful Violations of the TCPA, 47 U.S.C. § 227 Et. Seq.

- Statutory damages of $1,500.00 for each knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).
- Pursuant to 47 U.S.C § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

### Third Cause of Action
### Fair Debt Collection Practices Act (FDCPA)
### 15 U.S.C. § 1692 Et. Seq.

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

### Fourth Cause of Action
### Rosenthal Fair Debt Collection Practices Act (Rosenthal Act)
### Cal. Civ. Code §§ 1788-1788.32

- An award of actual damages pursuant to California Civil Code § 1788.30(a);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).
- any and all other relief that this Court deems just and proper.

## Fifth Cause of Action

## Negligence

- As a result of Defendant's negligence, Plaintiff is entitled to money damages in an amount to be proven at trial,
- An award of punitive damages, in an amount to be adduced at trial, from Defendant, and
- Any and all other relief that the Court deems just and proper.

76. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**HYDE & SWIGART**

Date: May 18, 2017

By: s/Veronica McKnight
Veronica McKnight, Esq.
bonnie@westcoastlitigation.com
Attorney for Plaintiff

**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523